Case 2:03-cv-01276-CLS    Document 24    Filed 04/08/04    Page 1 of 10

FILED
04 APR -8 PM 12:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 0 8 2004

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ESTHER LARGE, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV-03-S-1276-S |
| STATE OF ALABAMA DEPARTMENT OF HUMAN, RESOURCES, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, Esther Large, commenced this action on May 23, 2003, naming as defendants to her claims the State of Alabama Department of Human Resources ("Alabama DHR") and Blount County, Alabama, Department of Human Resources ("Blount DHR"), both of which she alleges are her employers; John James, the Director of Blount DHR; Henrietta Ellis, the Program Supervisor at Blount DHR and plaintiff's direct supervisor; and, Rex Murphree, an employee of Blount DHR who also supervised plaintiff.[1] Plaintiff sued all individual defendants in both their personal and official capacities.[2]

Plaintiff's original complaint included a claim against all defendants under 42

---

[1] *See* amended complaint (doc. no. 19).
[2] *Id.* at ¶¶ 5-7.



U.S.C. § 1983 for allegedly subjecting her to a hostile working environment, for discriminating against her based upon her race (African American), color, and/or sex,[3] and for retaliating against her for filing a charge of discrimination with the Equal Employment Opportunity Commission.[4] The court dismissed various aspects of plaintiff's § 1983 claim on November 24, 2003.[5] The factual background surrounding plaintiff's claims is set forth in the court's memorandum opinion on defendants' original motion to dismiss.[6]

Plaintiff subsequently amended her complaint on February 3, 2004.[7] Plaintiff's amended complaint reasserted the § 1983 claim from her original complaint, including those aspects of the claim previously dismissed by the court. The amended complaint also added a claim against Alabama DHR and Blount DHR under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.*, for retaliating against her because she filed an EEOC charge. Defendants collectively filed a motion to dismiss the amended complaint,[8] and plaintiff filed a response.[9]

---

[3] The discrimination aspect of plaintiff's § 1983 claim is based solely on defendants' actions in "refusing to promote her and dissuading her from seeking promotions." *Id.* at ¶ 17.

[4] *See id.* at ¶¶ 16-19. The retaliation aspect of plaintiff's § 1983 claim encompasses allegations of being discriminatorily denied promotions, and of being subjected to a racially and sexually hostile working environment.

[5] Doc. no. 15.
[6] Doc. no. 14.
[7] Doc. no. 19.
[8] Doc. no. 21.
[9] Doc. no. 22.

## I. STANDARD OF REVIEW[10]

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[11] Consequently, a complaint should not be dismissed for failing to state a

---

[10] Defendants attached a copy of plaintiff's EEOC charge to their motion to dismiss, and the court will consider the charge in its ruling on the motion. Ordinarily, if matters outside the pleadings are presented to and considered by the court when ruling upon a Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b); *see also, e.g., Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) (holding that the district court "has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion," but that once the court decides to do so, "it must convert the motion to dismiss into one for summary judgment") (citations omitted). This allows the court's inquiry to be fact-specific, and allows the nonmovant to demonstrate the existence of any genuine issues of material fact.
    As the Eleventh Circuit noted in *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999), however, "the usual rules for considering 12(b)(6) motions are . . . bent" in three circumstances. One such circumstance occurs when a plaintiff refers to certain documents in his or her complaint, and those documents are central to the plaintiff's claim. In such a case,

> the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). . . .

*Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997). This exception applies as long as the contents of the attached documents are not in dispute. *See Harris*, 182 F.3d at 801 n.2.
    Plaintiff referred to her EEOC charge in her amended complaint. *See* amended complaint, at ¶ 13. The EEOC charge is central to plaintiff's claims. Indeed, the essence of her retaliation claim is that she was retaliated against for filing the charge. Further, the contents of the charge are not in dispute. Thus, the court may properly consider the EEOC charge without converting defendants' motion to dismiss into a motion for summary judgment.

[11] With but few exceptions (fraud claims being one, *see* Fed. R. Civ. P. (9)(b)), there are only three requirements for pleading a claim in a federal action: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P.

claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[12]

When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d

---

8(a). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections*, 290 F.3d 466, 473 n.5 (1st Cir. 2002).

As the Eleventh Circuit observed in *Brooks*, 116 F.3d 1364,

> [t]he purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. . . .

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[12] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same) *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

A complaint also is subject to dismissal under Rule 12(b)(6), for failure to state a claim upon which relief can be granted, "when its allegations — on their face — show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (discussing qualified immunity defense to § 1983 claim) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir.1984), *vacated on petition for rehearing, reinstated by* 764 F.2d 1400 (11th Cir.1985) (saying that complaint essentially is "self-defeating" when claim is adequately stated but includes matters of avoidance that preclude pleader's ability to recover, because plaintiff's "own allegations show that the defense exists")); *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir.1981) (saying that affirmative defense alleging failure to bring Title VII claim to EEOC in timely fashion was properly asserted in 12(b)(6) motion to dismiss); *Kincheloe v. Farmer*, 214 F.2d 604, 605 (7th Cir.1954) (when "allegations of [plaintiff's] complaint erected [the

affirmative defense] . . . it was his duty in order to extricate himself therefrom to plead any exceptions upon which he relied"); *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir.1952) (holding that affirmative defense of res judicata can be raised properly and decided in 12(b)(6) motion)).

### III. DISCUSSION

**A.    Section 1983 Claim**

Plaintiff's amended complaint reasserts, in its entirety, the Section 1983 claim from her original complaint. However, the court already dismissed various aspects of that claim *with prejudice*.[13] For the same reasons those aspects of plaintiff's § 1983 claim were dismissed from plaintiff's original complaint,[14] they also will be dismissed from her amended complaint.

**B.    Title VII Retaliation Claim**

Plaintiff alleges in her newly added Title VII claim that defendants "denied [her] promotions and/or promotional opportunities, subjected her to harassment, unfair discipline and negative and unsubstantiated performance reviews because she filed charges of discrimination with the Equal Employment Opportunity Commission."[15] Defendant argues this claim should be dismissed because plaintiff failed to assert the

---

[13]Doc. no. 15 (order entered on November 24, 2003, granting in part and denying in part defendants' first motion to dismiss).

[14]*See* doc. no. 14 (memorandum opinion entered on November 24, 2003), at pages 8-26.

[15]Amended complaint, at ¶ 21.

claim in an EEOC charge.

Defendant correctly points out that, in general, "[p]rior to filing a Title VII action . . ., a plaintiff must file a charge of discrimination with the EEOC." *Gregory v. Georgia Department of Human Resources,* 355 F.3d 1277, 1279 (11th Cir. 2004) (citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 560 (5th Cir. 1970)). The EEOC charge must be filed within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see also, e.g., Stafford v. Muscogee County Board of Education,* 688 F.2d 1383, 1387 (11th Cir. 1982) ("In order to assert a claim of racial discrimination under Title VII, a claimant must file a complaint with the EEOC within 180 days after the alleged discriminatory practice occurred."). However, the Eleventh Circuit recognizes a narrow exception to this general rule.

In *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981),[16] the former Fifth Circuit announced that, in certain circumstances, exhaustion of administrative remedies, including the filing of an EEOC charge, is not necessary for a retaliation claim growing out of a prior EEOC charge:

> [I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge: the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.

---

[16] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

> There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case [—] a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII . . . . We are reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII . . . . Intertwined with this practical reason for our holding is a strong policy justification. Eliminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII . . . .

*Id.* at 414 (citations omitted). The underlying EEOC charge that allegedly triggered the employer's retaliatory act is "properly before the court" only if it was timely filed. *See Hargett v. Valley Federal Savings Bank*, 60 F.3d 754, 761 (11th Cir. 1995).

Plaintiff's retaliation claim clearly grows out of the EEOC charge she filed. Plaintiff specifically alleges in her amended complaint that she was retaliated against "because she filed charges of discrimination with the Equal Employment Opportunity Commission."[17] Plaintiff does not assert that any retaliatory actions were taken against her *before* she filed the EEOC charge. *See Williamson v. International Paper Co.*, 85 F. Supp. 2d 1184, 1197-98 (S.D. Ala. 2000) (declining to apply the *Gupta* rule when the alleged retaliation occurred *before* the plaintiff filed an EEOC charge).. Further, the EEOC charge is properly before the court, because it was timely filed.

---

[17] Amended complaint, at ¶ 21.

Plaintiff filed the charge on October 23, 2001.[18] Plaintiff's claim of discrimination in the charge was based on the fact that she was denied promotions to a Service Supervisor position. In the charge, she states that she was denied the promotions in July of 2001. In her amended complaint, she states that she was denied the promotions in *May* of 2001.[19] The court need not determine during which month the alleged denials of plaintiff's promotions actually occurred, however. Even if May of 2001 is the relevant date, plaintiff's EEOC charge still was filed within 180 days.

Defendant also argues that plaintiff's retaliation claim should be dismissed, because plaintiff failed to assert the claim within ninety days of her receipt of a right-to-sue letter from the EEOC. Plaintiff cannot be required to file suit within ninety days of receiving a right-to-sue letter from the EEOC, if she never was required to file an EEOC charge at all. Thus, defendants' motion to dismiss plaintiff's retaliation claim is due to be denied.

**C.    The Motion To Dismiss Should Not Be Stricken**

Plaintiff asserts that defendants' motion to dismiss should be stricken because it does not comply with the formatting requirements of the "Initial Order Governing All Further Proceedings" ("Initial Order") entered in this action on July 22, 2003.[20]

---

[18]*See* motion to dismiss amended complaint, Exhibit 1, at Attachment A (EEOC charge).
[19]Amended complaint, at ¶ 11.
[20]Doc. no. 10.

Specifically, plaintiff points out that the motion does not contain an initial statement of facts with separately numbered sentences, as required by Section D(1) of the Appendix to the Initial Order. Plaintiff's argument does not have merit. The Appendix to the Initial Order addresses formatting requirements for *summary judgment motions*; those requirements do not apply to motions to dismiss.[21] Accordingly, the motion to dismiss will not be stricken.

### III. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss will be granted in part and denied in part. Certain aspects of plaintiff's Section 1983 claim will be dismissed with prejudice. Plaintiff's retaliation claim will not be dismissed. An appropriate order will be entered contemporaneously herewith.

DONE this 8th day of April, 2004.

_____
United States District Judge

---

[21] Indeed, the title of the Appendix is "Summary Judgment Requirements." *See* Appendix to Initial Order. The section of the Appendix to which plaintiff refers states that "[t]he moving party shall list in *separately numbered sentences* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to <u>summary judgment</u>." *Id.* at § D(1) (italicized emphasis in original; underlined emphasis supplied).